## No. 9153.

### ISAAC FRIEDLER vs. MRS. S. M. CHOTARD AND HUSBAND.

Where a contract stipulates, in substance, that one of the parties may remain on and cultivate a plantation named therein, and pay annually for certain designated years, *in lieu* of rent, a sum equal to the interest on the property, the obligee may recover said amount, but is not entitled to the lessor's privilege.

The determination of the question of the obligor's liability therefor, does not necessarily involve the determination as to the character of the entire contract, or whether it is a *vente à réméré* or a common law mortgage.

APPEAL from the Ninth District Court, Parish of Concordia. *Hough*, J.

*E. D. White* and *Steele & Garrett* for Plaintiff and Appellant.
*James G. Leach* for Defendant and Appellee.
*Wade R. Young* as *Amicus Curiæ*.

The opinion of the Court was delivered by

TODD, J.  This is an action to recover eleven hundred and sixty-seven dollars and sixty cents alleged to be due for the rent of a plan-

tation, described in the petition and for a recognition of the lessor's privilege and right of pledge on all the effects found on the leased premises.

The defendant denies the lease and resists payment on many grounds unnecessary here to enumerate, and sets up a reconventional demand for a large sum.

The reconventional demand was dismissed in the court below and judgment rendered for the debt with five per cent interest thereon, rejecting the claim for a recognition of the lessor's privilege and pledge.

From this judgment the plaintiff has appealed.  The defendant has not asked an amendment of the judgment touching her reconventional demand, and this demand and all the matters urged in the answer in support of it are, therefore, eliminated from the case

In support of his pretensions, the plaintiff offered in evidence an instrument which he claimed evidenced a sale to him of the plantation by the defendant, with the right of redemption, but which the defendant contends is only a common law mortgage, given as security for the loan of money.

Considering the nature of the demand, and that it is confined solely to the recovery of the alleged rent and a recognition of the privilege and pledge stated, and that these constitute the sole issues proper for determination, we do not feel called on in this case to pronounce on the character of this instrument, or decide the various questions discussed in the pleadings and arguments with reference thereto.

We find a clause in the writing mentioned to the following effect:

"It is further understood between the parties of the first part and the party [of the third part] that the said Mrs. Chotard shall be permitted to remain on the said plantation and cultivate the same, that she shall keep the same in good repair and pay all the taxes due or to become due thereon, as long as she shall remain on said premises. That she shall pay annually on the first days of January, 1883, 1884, 1885 and 1886, respectively in lieu of rent, an amount in cash equal to eight per cent per annum interest on the purchase price hereof."

It is very certain that, whatever may have been the nature of the contract between the parties under the entire instrument, this part obliges the defendant in unmistakable terms to pay to the plaintiff certain amounts annually during the years named, but not as rent, but in lieu of rent, and these amounts to equal eight per cent interest on the sum named in the contract as the price of the property.  By refer-

ence to that sum stated elsewhere in the instrument, the amount claimed in this suit is the amount of the interest due on that sum when the suit was instituted.

The clause above quoted forms a complete obligation or contract in itself, and may be considered independently and apart from its context or the entire instrument, for whether that instrument imports a *vente a remere*, or a mortgage, there is nothing in the stipulation that is necessarily destructive of the one character or the other imputed to it respectively by the parties.

We, therefore, concur with the district judge, that the plaintiff under the express terms of the contract, is entitled to recover this amount, but has no just claim to a privilege or pledge.

Judgment affirmed, with costs.